1  JULIE A. DUNNE (Bar No. CA-160544)
   julie.dunne@us.dlapiper.com
2  MATTHEW RILEY (Bar No. CA-257643)
   matthew.riley@us.dlapiper.com
3  **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
4  San Diego, CA 92101
   Tel:    619.699.2700
5  Fax:    619.699.2701

6  Attorneys for Defendant
   GMRI, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL RAMOS BENITEZ, individually, and on behalf of all others similarly situated, | Case No. **'22 CV 2031 L    JLB** |
| | (San Diego County Superior Court Case No. 37-2022-00044212-CU-OE-CTL) |
| Plaintiffs, | **DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| v. | |
| GMRI, INC., a corporation; and DOES 1 through 100 inclusive, | Complaint Filed: November 2, 2022 |
| Defendants. | |

DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

WEST\301048186.1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF RAFAEL RAMOS BENITEZ, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant GMRI, Inc. ("Defendant") hereby removes the state court action described herein, filed by Plaintiff Rafael Ramos Benitez ("Plaintiff") in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II.   VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.   PLEADINGS, PROCESS, AND ORDERS

3. On November 2, 2022, Plaintiff filed an unverified Class Action Complaint against Defendant and unnamed Doe defendants in the San Diego County Superior Court entitled *Rafael Ramos Benitez, individually, and on behalf of all others similarly situated, Plaintiffs, vs. GMRI, Inc., a corporation; and DOES 1 through 100 inclusive, Defendants*, designated as Case No. 37-2022-00044212-CU-OE-CTL (hereinafter, the "Complaint"). Plaintiff's Complaint contains five causes of action alleging: (a) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512; (b) failure to authorize and permit rest periods in violation of California Labor Code

1  §§ 226.7 and 512; (c) failure to provide accurate itemized wage statements and maintain required
2  records in violation of California Labor Code §§ 226, 1174, and 1174.5; (d) failure to pay all wages
3  upon termination of employment in violation of California Labor Code §§ 201-203; and (e) unfair
4  business practices in violation of California Business & Professions Code § 17200, *et seq.* (*See*
5  Declaration of Matthew Riley in Support of Defendant GMRI, Inc.'s Notice of Removal to Federal
6  Court ["Riley Decl."], ¶ 2.)

7  4.  On November 2, 2022, the Clerk of the San Diego County Superior Court issued a
8  Summons in the *Ramos Benitez* action. (*See* Riley Decl., ¶ 3.)

9  5.  On November 3, 2022, Plaintiff's counsel emailed the following documents to
10 Defendant's counsel: (a) Plaintiff's Complaint; (b) the Summons; (c) a Civil Case Cover Sheet; (d) a
11 Notice of Case Assignment and Case Management Conference (Civil); (e) an Alternative Dispute
12 Resolution (ADR) Information document; (f) a Stipulation to Use Alternative Dispute Resolution
13 (ADR) form; and (g) a Notice and Acknowledgment of Receipt—Civil. Attached hereto as **Exhibit**
14 **A** is a true and correct copy of the Complaint filed in the San Diego County Superior Court and
15 emailed by Plaintiff's counsel to Defendant's counsel. Attached hereto as **Exhibit B** are true and
16 correct copies of the Summons, the Civil Case Cover Sheet, the Notice of Case Assignment and
17 Case Management Conference (Civil), the Alternative Dispute Resolution (ADR) Information
18 document, the Stipulation to Use Alternative Dispute Resolution (ADR) form, and the Notice and
19 Acknowledgment of Receipt—Civil. (Riley Decl., ¶ 4.)

20 6.  On November 23, 2022, Defendant's counsel executed and served Plaintiff's counsel
21 with the executed Acknowledgment of Receipt. Attached hereto as **Exhibit C** is a true and correct
22 copy of the executed Acknowledgment of Receipt. (Riley Decl., ¶ 5.)

23 7.  To Defendant's knowledge, no further process, pleadings, or orders related to this
24 case have been filed in the San Diego County Superior Court or served by any party other than as
25 described above. To Defendant's knowledge, no proceedings related hereto have been heard in the
26 San Diego County Superior Court. (Riley Decl., ¶ 6.)

27 / / / /
28 / / / /

2
DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
WEST\301048186.1

## IV. TIMELINESS OF REMOVAL

8. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint). Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See id.* at 354. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347.

9. Under California law, a plaintiff may serve process on a defendant by mail where the mailing includes a copy of the summons and complaint together with two copies of a notice and acknowledgment form approved by the Judicial Council of California and a pre-paid return envelope addressed to sender. *See* Cal. Code. Civ. Proc. § 415.30(a). "The party being served has twenty days from the date of mailing to return the notice and acknowledgment of receipt to the sender." *Harper v. Little Caesar Enterprises, Inc.*, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018) (citing Cal. Code Civ. Proc. § 415.30(d). Service is complete under this section on the date the defendant executed the acknowledgment of receipt. *Id.*

10. Removal of this action is timely because Defendant's counsel executed and returned the Acknowledgment of Receipt form on November 23, 2022 – 20 days after Plaintiff emailed the Summons, Complaint, and Notice of Acknowledgment of Receipt on November 3, 2022. (Riley Decl., ¶¶ 5-6.) Because Defendant's counsel executed the Acknowledgment of Receipt form on November 23, 2022, formal service of the Summons and Complaint occurred that day, thus triggering Defendant's 30-day period to remove this action to federal court. *See* 28 U.S.C. § 1446(b); *Harper*, 2018 WL 5984841, at *2. Defendant thus timely removed this action on December 22, 2022 – 29 days after service.

/ / / /

/ / / /

3
DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

## V.   CAFA JURISDICTION

11.   As noted above, this Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As set forth below, this case meets each CAFA requirement for removal.

### A.   This is a Class Action.

12.   Plaintiff filed this action as a class action. (Complaint, ¶¶ 2, 26, 28.)

### B.   The Proposed Class Contains At Least 100 Members.

13.   The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B).

14.   Plaintiff, who worked for Defendant at Defendant's Yard House restaurant in San Diego, California until December 2021, seeks to represent a class consisting of "[a]ll current and former non-exempt employees of DEFENDANTS, that worked for DEFENDANTS in the State of California, for a period of time within the four (4) years preceding the filing of this action." (Complaint, ¶ 28.) Defendant has employed more than 100 non-exempt employees at its Yard House restaurants in California during the four years prior to Plaintiff's filing of his Complaint. Thus, CAFA's requirement that the putative class consist of 100 or more individuals is satisfied.

### C.   Defendant Is Not A Governmental Entity.

15.   CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

16.   Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA.

/ / / /

4
DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
WEST\301048186.1

**D.     There Is Diversity Between At Least One Putative Class Member And One Defendant.**

17.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

19.     Here, upon information and belief, at the time Plaintiff commenced this action and at the time of removal, Plaintiff resided in the State of California. (*See* Complaint, ¶ 3 ["NAMED PLAINTIFF is a resident of California."].)

20.     Defendant is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because Defendant is now, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically" the corporation's headquarters). The

1  majority of Defendant's executive and administrative functions are performed, and the majority of
2  Defendant's executive and administrative officers are located, in the State of Florida. Accordingly,
3  Defendant is, and at all relevant times has been, a citizen of the State of Florida. 28 U.S.C.
4  § 1332(c)(1).

5  21.  The presence of Doe defendants in this case has no bearing on diversity with respect
6  to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship
7  of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*,
8  157 F.3d 686, 690-91 (9th Cir. 1998).

9  22.  Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and
10  diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

11  **E.  The Amount in Controversy Exceeds $5,000,000.**

12  23.  Under the removal statute, "[i]n any class action, the claims of the individual class
13  members shall be aggregated to determine whether the matter in controversy exceeds the sum or
14  value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

15  24.  In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the
16  Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need
17  include only a plausible allegation that the amount in controversy exceeds the jurisdictional
18  threshold." Only if the plaintiff contests or the court questions the allegations of the notice of
19  removal is supporting evidence required. *Id.* at 89. "[T]he defendant's amount-in-controversy
20  allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted
21  when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87.

22  25.  For purposes of determining whether the amount in controversy has been satisfied,
23  the Court must presume that Plaintiff will prevail on his claims. *See Kenneth Rothschild Trust v.*
24  *Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor*
25  *Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis
26  presumes that "plaintiff prevails on liability.")). The ultimate inquiry is what amount is put "in
27  controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe.
28  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy

is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

26. Defendant denies the validity and merit of the entirety of Plaintiff's claims and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

27. Plaintiff alleges that he and the members of the putative class he seeks to represent are entitled to damages beginning four years prior to the filing of his Complaint. Defendant alleges, on information and belief, that between November 2, 2018, and December 22, 2022, Defendant employed at least 7,000 individuals in non-exempt positions at Defendant's Yard House restaurants in California. Thus, there are at least 7,000 individuals who fall within the scope of the putative class that Plaintiff seeks to represent in this action.

28. The Complaint asserts the following five causes of action on behalf of the putative class members: (a) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512; (b) failure to authorize and permit rest periods in violation of California Labor Code §§ 226.7 and 512; (c) failure to provide accurate itemized wage statements and maintain required records in violation of California Labor Code §§ 226, 1174, and 1174.5; (d) failure to pay all wages upon termination of employment in violation of California Labor Code §§ 201-203; and (e) unfair business practices in violation of California Business & Professions Code § 17200, *et seq.* (Complaint, ¶¶ 36-69.)

29. Based on the allegations in the Complaint, the amount that Plaintiff has placed in controversy is at least **$10,900,000**, as summarized and explained below.

30. **Failure to Provide Meal Periods.** In his First Cause of Action, Plaintiff alleges that Defendant "required NAMED PLAINTIFF and the CLASS to remain on-duty during their meal

1 periods with their radios turned on and required NAMED PLAINTIFF and the CLASS to monitor
2 and respond to calls on their radios during their meal periods." (*Id.*, ¶ 38.) Plaintiff also alleges that
3 Defendant is "liable to NAMED PLAINTIFF and the CLASS for one hour of additional wages for
4 each work day for a meal period that was not provided." (*Id.*, ¶ 41.)

5       31.     Under the California Labor Code, if an employer fails to provide an employee a meal
6 period in accordance with California law, "the employer shall pay the employee one additional hour
7 of pay at the employee's regular rate of compensation for each work day that the meal . . . period is
8 not provided." CAL. LAB. CODE § 226.7(c).

9       32.     Defendant alleges, on information and belief, that between November 2, 2018, and
10 December 22, 2022, Defendant's non-exempt Yard House employees in California worked during
11 more than 250,000 pay periods. Assuming that Plaintiff and each of the putative class members were
12 not provided one meal period during each of these 250,000 pay periods – a conservative estimate
13 given Plaintiff's allegation that Defendant required employees to remain on duty during all meal
14 periods – and that putative class members were entitled to an additional hour of pay for those meal
15 periods at the applicable minimum wage, the amount in controversy as to Plaintiff's meal period
16 claim would be at least **$2,750,000** (250,000 meal period premiums x $11.00 per hour[1]).

17       33.     **Failure to Authorize and Permit Rest Periods.** In his Second Cause of Action,
18 Plaintiff alleges that Defendant "required NAMED PLAINTIFF and the CLASS to remain on-duty
19 during their rest periods with their radios turned on and required NAMED PLAINTIFF and THE
20 CLASS to monitor and respond to calls on their radios during their rest periods." (Complaint, ¶ 46.)
21 Plaintiff also alleges that Defendant is "liable to NAMED PLAINTIFF and the CLASS for one hour
22 of additional wages for each work day when they did not receive a rest period." (*Id.*, ¶ 48.)
23 / / / /

---

[1] The California minimum wage in effect on November 2, 2018 (*i.e.*, four years before this lawsuit was filed) for employers with more than 25 employees was $11.00/hour. On information and belief, Defendant paid many of the putative sub-class members more than minimum wage throughout the applicable four-year period. Moreover, the state minimum wage has increased incrementally since 2018, making this calculation a conservative underestimate of the meal period premiums in controversy.

34.     Under the California Labor Code, if an employer fails to provide an employee a rest period in accordance with California law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . rest . . . period is not provided." CAL. LAB. CODE § 226.7(c).

35.     Defendant alleges, on information and belief, that between November 2, 2018, and December 22, 2022, Defendant's non-exempt Yard House employees in California worked during more than 250,000 pay periods. Assuming that Plaintiff and each of the putative class members were not authorized and permitted to take one rest period during each of these 250,000 pay periods – a conservative estimate given Plaintiff's allegation that Defendant required employees to remain on duty during all rest periods – and that putative class members were entitled to an additional hour of pay for those rest periods at the applicable minimum wage, the amount in controversy as to Plaintiff's rest period claim would be at least **$2,750,000** (250,000 rest period premiums x $11.00 per hour[2]).

36.     **Waiting Time Penalties.** In his Fourth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code § 203 for putative class members whose employment ended during the applicable limitations period. (Complaint, ¶¶ 57-63.) The statute of limitations for Plaintiff's waiting time penalty claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1382, 1935 (2010) ("[No] one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages."). Penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (*i.e.*, the employee's final wage rate multiplied by the employee's average shift length) multiplied by the number of days of waiting time penalties (up to 30 days). *Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).

37.     Defendant alleges, on information and belief, that Defendant employed at least 3,000 individuals in non-exempt positions at Defendant's Yard House restaurants in California whose

---

[2] This is a conservative underestimate of the rest period premiums in controversy. *See supra* note 1.

9
DEFENDANT GMRI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
WEST\301048186.1

employment with Defendant ended on or after November 2, 2019, that these employees worked an average of at least 5-hour shifts, and that their hourly rate of pay has at all times been at least the California state minimum wage. Accordingly, a conservative estimate of the minimum amount in controversy with respect to Plaintiff's waiting time penalty claim is at least **$5,400,000** (3,000 former putative class members x $12.00/hour[3] x 5 hours x 30 days). This figure, without more, satisfies CAFA's jurisdictional minimum.

38. **Additional Claims for Damages.** The amount placed in controversy by Plaintiff's causes of action for alleged meal period premiums, rest period premiums, and waiting time penalties is at least **$10,900,000**. Each of Defendant's amount-in-controversy calculations discussed above are conservative and the actual amount in controversy is likely higher. In addition, Plaintiff seeks to recover wage statement penalties (Third Cause of Action) and attorneys' fees which Defendant did not factor into its amount-in-controversy calculations. Obviously, inclusion of alleged wage statement penalties and attorneys' fees would increase the amount in controversy. Therefore, CAFA's jurisdictional requirement that the matter in controversy exceed $5,000,000, exclusive of interest and costs, is easily satisfied in this action.

## VI. NOTICE OF REMOVAL TO STATE COURT AND ADVERSE PARTY

39. Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Farzad Rastegar and Thomas S. Campbell of the Rastegar Law Group, APC, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d).

/ / / /

/ / / /

---

[3] The California minimum wage in effect on November 2, 2019 (*i.e.*, three years before this lawsuit was filed) for employers with more than 25 employees was $12.00/hour. On information and belief, Defendant paid many of the putative sub-class members more than minimum wage throughout the applicable three-year period. Moreover, the state minimum wage has increased incrementally since 2019, making this calculation a conservative underestimate of the waiting time penalties in controversy.

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to CAFA.

Dated:  December 22, 2022   **DLA PIPER LLP (US)**

By: */s/ Matthew Riley*
JULIE A. DUNNE
MATTHEW RILEY

Attorneys for Defendant
GMRI, INC.

**INDEX OF EXHIBITS TO DEFENDANT GMI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Class Action Complaint | 13-31 |
| B | Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference (Civil), Alternative Dispute Resolution (ADR) Information document, Stipulation to Use Alternative Dispute Resolution (ADR) form, and Notice and Acknowledgment of Receipt—Civil | 32-40 |
| C | Executed Acknowledgment of Receipt | 41-42 |