1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL RAMOS BENITEZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>GMRI, INC.,<br><br>                                    Defendant. | Case No.:  22cv2031-L-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**[ECF NO. 3]** |

In this putative class action alleging wage and hour violations of California Labor Code, Defendant GMRI, Inc. moved to compel arbitration and dismiss or strike class allegations.  Plaintiff filed an opposition, and Defendant replied.  The Court decides the matter on the papers submitted without oral argument.  *See* Civ. L. R. 7.1(d.1).  For the reasons stated below, Defendant's motion is denied.

I.     **Background**

Defendant operates a nationwide network of restaurants, including Yard House, where Plaintiff last worked as a cook until December 2021.  Plaintiff filed a complaint in State court alleging, among other things, Defendant's failure to provide uninterrupted meal and rest breaks, failure to pay premium wages for breaks not provided, failure to provide accurate wage statements, failure to properly maintain records, and failure to pay all wages due upon termination.  Plaintiff asserted several claims for violation of

California Labor Code provisions and unfair business practices in violation of California Business and Professions Code § 17200 *et seq.* ("UCL") on behalf of himself and a putative class of current and former GMRI, Inc. non-exempt employees in California.

Defendant removed the action to this Court pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Subsequently Defendant filed the pending motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA" or "Act") and dismiss or strike class allegations based on the arbitration agreement.

It is undisputed that in 2015, Plaintiff signed a Dispute Resolution Process handbook ("DRP").  (ECF No. 3-6, DRP.)  Plaintiff signed an acknowledgment stating in relevant part:

> I acknowledge that I have received and/or have had the opportunity to read this arbitration agreement.  I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge or jury in court.  I agree as a condition of my employment to submit any eligible disputes I may have to the DRP and to abide by the provisions outlined in the DRP.

(DRP at 11 (English version) (emph. omitted); ECF No. 3-7, Acknowledgment (executed Spanish version).)

Defendant "GMRI maintains a national DRP program to resolve employment-related claims.  The DRP, which is a standalone document, sets forth the dispute resolution process between GMRI and its employees."  (ECF No. 3-5, Varela Decl. ¶ 5.)  It is "the sole means for resolving covered employment-related disputes."  (DRP at 2.)  It is a complex 16-page four-step process culminating in binding arbitration.  (*Id.* at 7.)  Among other things, the DRP includes a class action waiver.  (*Id.* at 3.)  Plaintiff does not dispute that the claims asserted in this action are covered by the DRP but opposes Defendant's motion arguing that the DRP is unenforceable.

/ / / / /

## II.   **Discussion**

"The FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore v. KeyBank N.A.,* 718 F.3d 1052, 1058 (9th Cir. 2013) (emph. in orig.).[1]   The Court's role under the FAA is therefore limited to determining gateway issues "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000).  "If both conditions are met, the FAA requires the court to enforce the arbitration agreement in accordance with its terms." *Lim v. TForce Logistics,* 8 F.4th 992, 999 (9th Cir. 2021).

Plaintiff relies on § 2 of the FAA, which provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

> The final clause of § 2, generally referred to as the savings clause, permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.

*Lim,* 8 F.4th at 999.  "When deciding whether the parties agreed to arbitrate ... courts generally should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).

The DRP includes a delegation clause which provides, "The arbitrator has the sole authority to determine whether a dispute is arbitrable ... ."  (DRP at 7.)  Accordingly, Defendant argues the Court should grant the motion without deciding the gateway issues, as the parties have delegated them to the arbitrator.

/ / / / /

---

[1]    Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

"Under the Act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer and White Sales, Inc.,* __ U.S. __; 139 S.Ct. 524, 529 (2019). "[The] parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* A delegation clause "is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.*

> To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists. *See* 9 U.S.C. § 2. But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue.

*Id.* at 530; *see also Lim,* 8 F.4th at 100 (no valid agreement due to unconscionability). The delegation of arbitrability is enforced "so long as the parties' agreement does so by clear and unmistakable evidence," *Henry Schein,* 139 S.Ct. at 529, and "[c]ourts should not assume that the parties agreed to arbitrate arbitrability" unless this standard is met, *id.* at 531.

Plaintiff questions both conditions to enforcing the delegation clause. He claims the parties have no valid arbitration agreement due to unconscionability and, alternatively, that the delegation clause is ambiguous, and therefore not "clear and unmistakable evidence" of intent to delegate gateway issues to the arbitrator.

The Court first turns to the issue whether there is a valid agreement to delegate gateway issues to the arbitrator. Plaintiff argues that the entire agreement, including the delegation clause, is unconscionable. Defendant disagrees but, alternatively, requests the Court to sever any unconscionable provisions. Plaintiff as the party opposing arbitration bears the burden of proving unconscionability. *Lim,* 8 F.4th at 999; *see also OTO, LLC v. Kho,* 8 Cal. 5th 111, 126 (2019).

To prevail, Plaintiff must show that the agreement is both procedurally and substantively unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 (2000). The procedural element focuses on "oppression or surprise due to unequal bargaining power," and the substantive element focuses on "overly harsh and one-sided results." *Id.* A sliding scale is applied, so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to find it unenforceable and vice versa. *Id.* "As with any contract, the unconscionability inquiry requires a court to examine the totality of the agreement's substantive terms as well as the circumstances of its formation to determine whether the overall bargain was unreasonably one-sided." *OTO,* 8 Cal. 5th at 124. The ultimate issue is "whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." *Id.* at 126.

Procedural unconscionability analysis "begins with an inquiry into whether the contract is one of adhesion." *Armendariz,* 24 Cal.4th at 113. A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Id.*

> Ordinary contracts of adhesion, although they are indispensable facts of modern life that are generally enforced, contain a degree of procedural unconscionability even without notable surprises, and bear within them the clear danger of oppression and overreaching. [C]ourts must be particularly attuned to this danger in the employment setting, where economic pressure exerted by employers on all but the most sought-after employees may be particularly acute.

*Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1244 (2016).

The DRP, a pre-printed 16-page document, was drafted by Defendant, Plaintiff's employer, as a condition of employment. (*See* Varela Decl. ¶ 5; Acknowledgment.) Plaintiff therefore need not show that he tried to negotiate its terms to establish procedural unconscionability. *See OTO,* 8 Cal.5th at 127. The DRP is a contract of

adhesion containing a sufficient degree of procedural unconscionability to warrant examination of its substantive fairness.  Defendant does not dispute this.[2]  (ECF No. 5, Reply at 3-4.)

Substantive unconscionability focuses on the fairness of a contract's terms to ensure that contracts, "particularly contracts of adhesion," do not impose terms that are "unreasonably favorable to the more powerful party." *Lim,* 8 F.4th at 1002 (applying Cal. law).  Plaintiff argues that the arbitration clause is substantively unconscionable because it shortens the applicable statutes of limitations and fails to guarantee recovery of fees and costs if Plaintiff prevails.

The statute of limitations for statutory wage and hour violations generally is three years.  Cal. Code Civ. Proc. § 338(a); *Murphy v. Kenneth Cole Prods., Inc.,* 40 Cal.4th 1094, 1199-20 (2007).  The statute of limitations for UCL violations is four years.  Cal. Bus. & Prof. Code § 17208.  Both types of claims are asserted in this action.  Several of the DRP's provisions significantly shorten these statutory periods.

The DRP expressly provides

**How long do I have to submit my dispute to DRP?**

Disputes must be submitted for resolution through DRP **within one (1) year or within the applicable statute of limitations if less than one year.**  The statute of limitations period will begin from the date the party requesting DRP first learned of the facts giving rise to the claim/dispute or reasonably should have known about the claim/dispute.  Where time limits for filing a claim (i.e., statutes of limitations) cannot be modified by agreement of the Employee and the Company, the legally-mandated time limits applicable to the claim will apply.  After submission of the dispute to DRP, DRP must be pursued with reasonable diligence.  Any disputes regarding this provision will be decided by the arbitrator as a threshold matter.

---

[2]     Accordingly, the Court need not also decide whether the DRP is procedurally unconscionable because it incorporates Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association (*see* DRP at 8) without attaching a copy.  (ECF No. 4, Opp'n at 13.)

(DRP at 4 (emph. in orig.).)  Under similar circumstances, limiting the statute of limitations to one year was found substantively unconscionable in *De Leon v. Pinnacle Prop. Mgt Serv., LLC,* 72 Cal. App. 5th 476, 486-87 (2021).

Defendant points to the sentence in the provision above, "Where time limits for filing a claim (i.e., statutes of limitations) cannot be modified by agreement of the Employee and the Company, the legally-mandated time limits applicable to the claim will apply[.]" (DRP at 4.)  It argues that this sentence negates any substantive unconscionability.  However, in light of additional internal time limitations provided in the DRP and the arbitrator's authority in that regard, the Court disagrees.

The DRP is a four-step process with each step having its own deadlines.  It "recommend[s] that the steps of DRP be followed in order."  (DRP at 13 (Q&A n.3).)

"Peer Review" is the second step of DRP.  (DRP at 5.)  This step "may be bypassed only by written mutual consent[.]"  (*Id.* at 13-14 (Q&A no. 3).)  If after this step the employee fails to request mediation "**within thirty (30) days** after receiving the Peer Review panel's decision, this will also constitute acceptance of panel's decision and it will become final and binding on both parties."[3]  (*Id.* at 5 (emph. in orig.).)  Request for arbitration, the final step of DRP, must be commenced "within thirty (30) days of receipt of written notification that mediation has been terminated[.]"  (DRP at 7.)  The practical effect of these internal time limits is to limit the applicable statutes of limitations.  *See Baxter v. Genworth N. Am. Corp.,* 16 Cal. App. 5th 713, 731 (2017).  This also has been found substantively unconscionable.  *Id.* at 731-32.

In addition to the effect of internal deadlines, the DRP provides, "If the arbitrator finds that a dispute ... has not been timely pursued from one step of DRP to the next, the arbitrator's decision is final and binding and the dispute is considered to be resolved."  (DRP at 7.)  This is an independent ground allowing the arbitrator to dismiss.  The

---

[3]     Consistently, mediation must be commenced "**within thirty (30) days** of receiving the Peer Review Panel's decision."  (DRP at 6 (emph. in orig.).)

sentence relied on by Defendant does not refer to the timeliness requirements for individual DRP steps and therefore does not provide relief from unconscionability. Moreover, Defendant cannot rely on the arbitrator's authority to excuse an otherwise substantively unconscionable limitations provision. *See Baxter,* 18 Cal. App. 5th at 732. Based on the foregoing, the agreement is procedurally and substantively unconscionable because it shortens the applicable statutes of limitations.

Plaintiff argues that the agreement, including the delegation clause, is substantively unconscionable for the additional reason that it does not assure recovery of attorneys' fees and costs if Plaintiff is the prevailing party. Three different DRP provisions bear on this issue.

As to mediation, the DRP provides,

**Fees and Costs**

The Company will pay the administrative fees and costs associated with conducting the mediation under this Step 3 (including the mediation facilitation service, mediator fees, mediation room charges and teleconference and video conference costs). Additional costs will be borne by each party as incurred.

(DRP at 6.) As to arbitration, it provides,

**Fees and Costs**

The Company will pay the arbitrator's fees and expenses, any costs for the hearing facility, and any costs of the arbitration service.

Any other expenses incurred by a party during the arbitration are the party's responsibility subject to remedies awarded by the arbitrator in accordance with applicable law. This includes, by way of example only, transcript preparation fees, attorneys' fees, and expert witness fees. However, an arbitrator is authorized to award fees and costs in accordance with and subject to the limitations of applicable law.

(*Id.* at 8.) In the Frequently Asked Questions section, the DRP sums up the fees and costs provisions:

### 2.      Will I have to pay anything when I use the DRP?

Administrative costs of the DRP will be paid for by the Company.  This includes Peer Review costs; costs and fees of the mediation service and mediator; and cost and fees of the arbitration service and arbitrator.  Any other expenses incurred by you are your responsibility.  Likewise, any other expenses incurred by the Company are the obligation of the Company.  This includes, by way of example only, transportation fees, transcript preparation fees, attorneys' fees, and expert witness fees.  However, in arbitration, an arbitrator may award fees and costs according to applicable law.

(*Id.* at 13.)  The parties agree that the import of these provisions is that the DRP authorizes the arbitrator to award fees and costs in accordance with applicable law.  (*Cf.* Opp'n at 14 (DRP gives the arbitrator "authority") *with* Reply at 6 (arbitrator "authorized").)[4]

In an action to recover minimum wage or overtime compensation, a prevailing employee is "entitled to recover ... reasonable attorney's fees, and costs of suit."  Cal. Lab. Code § 1194(a).  For claims that the employer failed to provide accurate itemized wage statements, a prevailing employee "is entitled to recover ... costs and reasonable attorney's fees."  *Id.* § 226(e)(1).  Both types of claims are asserted in this case.  In neither instance is the award of fees and costs to the prevailing employee discretionary but mandatory.  "[A]n arbitration agreement may not limit statutorily imposed remedies such as ... attorney fees[.]."  *Armendariz,* 24 Ca.4th at 103.

---

[4]      Defendant points to two additional parts of the DRP, "Both the Employee and the Company have the right, but are not required, to be represented by a lawyer of their choice and at their own expense (subject to remedies awarded by the arbitrator in accordance with applicable law) at the arbitration hearing[;]" and "The arbitrator will have the same authority as a court of law to grant requested relief; this would include relief requested regarding temporary restraining orders and preliminary injunctive remedies."  (DRP at 8 & 9.)  Neither of these provisions is directed specifically to attorneys' fees and costs.  They appear under the headings "Applicable Law and Procedural Rules" and "Authority of the Arbitrator," respectively.

Contrary to California law, the default rule under the DRP is that each side bears its own fees and costs.  (DRP at 6, 8, 13.)  Although the DRP *authorizes* the arbitrator to award fees and costs in accordance with the applicable law, it does not *obligate* the arbitrator to do so.  Moreover, with respect to any fees and costs incurred in mediation, the DRP clearly states that they "will be borne by each party as incurred."  (DRP at 6.)

As written, the DRP exposes Plaintiff to the risk of having to bear his fees and costs even if he prevails.  *See Lim*, 8 F.4th at 1003.  This risk would not exist but for Defendant's requirement as a condition of employment to submit disputes to the DRP process.  Accordingly, the agreement, including its delegation clause, is substantively unconscionable on the additional ground that its attorneys' fee and cost provisions do not ensure recovery to a prevailing employee.[5]

Defendant requests the Court to sever any unconscionable provisions from the DRP and enforce the rest, including the delegation clause.

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Cal. Civ. Code § 1670.5.  "[T]he doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme."  *Armendariz*, 24 Ca.4th at 124.  Multiple unconscionable provisions in one arbitration agreement "indicate

/ / / / /

---

[5]   Although Plaintiff does not assert any claims under the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*, he argues that the agreement, including the delegation clause, is substantively unconscionable for the additional reason that it contains a Private Attorney General Waiver (*see* DRP at 3).  (Opp'n at 16-17; *cf.* ECF No. 1-3, Compl.)  As the Court has already found the DRP substantively unconscionable on two other independent grounds, the Court need not consider this or any other additional substantive unconscionability arguments.

a systematic effort to impose arbitration on an employee not simply as an alternative to litigation but as an inferior forum that works to the employer's advantage." *Id.*

The DRP contains multiple unconscionable provisions. It drastically shortens the statute of limitations and creates a risk the employee will have to pay fees and costs even if he or she is the prevailing party, thus creating a chilling effect on employees' enforcement of their rights. *See Lim*, 8 F.4th at 1003.

Furthermore, "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement." *Armendariz*, 24 Cal.4th at 124-25. In addition to the one-year time limit, the DRP contains a number of deadlines between individual DRP steps that shorten the time when a dispute must be submitted to arbitration. Similarly, the attorneys' fee and cost provisions are spread over three separate provisions.

Given the pervasive unconscionability based on significantly shortened statutes of limitations and failure to ensure compliance with California law regarding attorneys' fees and costs, and the inability to cure the unconscionability by striking a single provision, Defendant's request to sever the unconscionable provisions is denied.

## III.   Conclusion

For the foregoing reasons, the DRP delegation clause is unenforceable as procedurally and substantively unconscionable.[6] *See* 9 U.S.C. § 2. The Court rather than the arbitrator therefore determines the gateway issues of arbitrability of this dispute. *See Lim*, 8 F.4th at 1006.

The same reasons for finding the delegation clause unenforceable, *i.e.,* the shortening of the statutes of limitations and failure to assure recovery of attorneys' fees

---

[6]     The Court therefore need not decide whether the delegation clause is unenforceable as ambiguous and therefore insufficient to constitute "clear and unmistakable evidence" of the parties' intent to delegate the gateway issues to the arbitrator. *See Henry Schein,* 139 S.Ct. at 529-30.

and costs to a prevailing employee, also render the DRP itself unenforceable.  As discussed above, these unconscionable provisions cannot be severed to enforce the balance of the DRP.

Defendant's motion to compel arbitration is therefore denied.


**IT IS SO ORDERED.**

Dated:  August 24, 2023

Hon. M. James Lorenz
United States District Judge